Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 191202-50513
DATE: September 29, 2021

REMANDED

Entitlement to service connection for total hysterectomy is remanded.

Entitlement to service connection for obstructive sleep apnea is remanded.

REASONS FOR REMAND

The Veteran served honorably in the US Army Reserves from January 1991 to June 1991, and then from November 2001 to April 2002.

A rating decision was issued under the legacy system in March 2016 and the Veteran submitted a timely notice of disagreement (NOD). In November 2019, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a December 2019 VA Form 10182, Decision Review Request: Board Appeal, identifying the November 2019 SOC. Therefore, the November 2019 SOC is the decision on appeal. In the December 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the November 2019 SOC, as well as any evidence submitted by the Veteran or her representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Entitlement to service connection for total hysterectomy is remanded.

The Board is cognizant that the Veteran has not received a formal VA examination for her claimed entitlement to service connection for a total hysterectomy. Therefore, the Board remands the claim in accordance with McLendon v. Nicholson, 20 Vet. App. 79, 81-83 (2006). The United States Court of Appeals for Veterans Claims (Court) held that an examination is required when (1) there is evidence of a current disability, (2) evidence establishing an "in-service event, injury or disease," or a disease manifested in accordance with presumptive service connection regulations occurred which would support incurrence or aggravation, (3) an indication that the current disability may be related to the in-service event, and (4) insufficient evidence to decide the case.

Here, the Board finds all four of the elements to be satisfied. The Veteran has submitted copious treatment records showing serious gynecological issues and, most relevant to the claim, a total abdominal hysterectomy being performed in July 2001. The Court noted that the first element only requires consideration of whether there is evidence of a current disability or persistent or recurrent symptoms thereof and an assessment that the evidence is competent. McLendon, 20 Vet. App. at 81; See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Barr v. Nicholson, 21 Vet. App. 303 (2007).

The second McLendon element requires evidence establishing an "in-service event, injury or disease," or a disease manifested in accordance with presumptive service connection regulations occurred which would support incurrence or aggravation. McLendon, 20 Vet. App at 82. The Court has found that the assessment of whether the evidence establishes the Veteran suffered an event, injury or disease in service is a "classic factual assessment, involving the weighing of facts." Id.; see Duenas v. Principi, 18 Vet. App. 512, 517 (Vet. App. 2004) (noting that a medical examination could not aid in substantiating a claim where the record does not already contain evidence of an in-service event, injury, or disease). The Board here relies on the Veteran's competent Board hearing testimony. The Veteran's representative made the claim that the Veteran had continuing gynecological issues and noted tumors during her periods of active duty between January 1990 and June 1991. The Veteran was suffering with pain due to her gynecological issues and was on prescription medication while she was continuing to work in a physically demanding job, as her military occupational specialty (MOS) was noted to be military police. The Veteran testified that the physical nature of her work put a lot of stress on her body. Specifically, the Veteran notes road marches, heavy lifting, digging tents, prolonged standing, jumping in and out of foxholes, tactical field exercises, and lugging sandbags as activities that took a toll on her body. 

The third McLendon element requires an indication that the current disability may be related to the in-service event. The Court has held that the requirement that a disability "may be associated" with service is a "low threshold" standard. McLendon, 20 Vet. App. at 83. "The types of evidence that indicate that a current disability may be associated with military service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation." McLendon, 20 Vet. App. at 83. In the case at hand, the Veteran stated in the hearing that she believes one of her many doctors would make the link between her active-duty service and her need for the total hysterectomy. The Veteran also has extensive medical records noting her gynecological issues which may be able to substantiate the fact that the current disability could have some relation to her in-service duties.

Finally, the fourth and final element states that an examination must be performed if there is insufficient evidence to decide the case. To date, the Veteran's record only holds hearing testimony by the Veteran that is not competent to establish the etiology of the condition, medical records from providers that lack any rationale, and VA treatment records that note the Veteran's procedure of a hysterectomy. This evidence is certainly not sufficient enough to make a well-grounded decision upon. Therefore, the Board must remand under the McLendon factors to obtain a full VA examination assessing the Veteran's total hysterectomy and its relation to service.

Entitlement to service connection for obstructive sleep apnea is remanded.

The Board finds that further development of the record is necessary to meet VA's duty to assist the Veteran in developing evidence to substantiate her claim for entitlement to service connection of sleep apnea. See 38 C.F.R. § 3.159. The Board may only remand for pre-decisional duty to assist errors. See 38 C.F.R. § 20.802. For the error to be pre-decisional, it must be based on the evidence of record at the time of the AOJ decision on appeal. A pre-decisional duty to assist error cannot be based on evidence received subsequent to the AOJ decision on appeal, even if it was received during an applicable evidence window. Accordingly, the Board is legally able to remand for a new VA examination at this time, due to the fact that there was no sufficient VA examination that was part of the record before the November 2019 SOC was issued. Additionally, the Veteran offered competent lay statements in the hearing testimony regarding her trouble sleeping throughout her time in service. She specifically stated that fellow servicemembers alerted her that she stopped breathing at times or would snore excessively while asleep.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination for her obstructive sleep apnea and total hysterectomy. The examiner must thoroughly and fully review the claims file, including this remand.

If a diagnosis cannot be provided but the Veteran's condition manifests in symptoms that cause functional impairment, then the examiner should consider them a "disability" for the purpose of providing the requested opinions below.

The examiner is asked to provide a response to the following:

Is obstructive sleep apnea at least as likely as not related to service?

Is the Veteran's total hysterectomy at least as likely as not related to service? 

In the examiner's review of the total hysterectomy, he must consider whether duties of the Veteran's MOS specifically may have led to or caused the need for a total hysterectomy. 

Provide a rationale to support the all opinions. 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E.L. Aumiller, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.